## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CAROL CHANDLER,

     Plaintiff,

v.

CHARTER COMMUNICATIONS,
d/b/a SPECTRUM


     A Defendant.

_____/

## CIVIL COMPLAINT AND JURY DEMAND

Carol Chandler (hereinafter "Plaintiff") hereby sues Defendant Charter Communications, d/b/a Spectrum (hereinafter "Defendant"), and for the causes of action alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action by Plaintiff against Defendant for age discrimination and retaliation discrimination pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000 (et. Seq) (Hereinafter "Title VII") and the Age Discrimination in Employment Act of 1967 (Hereinafter "ADEA").

2.      Venue is appropriate in the United States District Court for the Middle District of Florida because Defendant operates in the District, Defendant had a principal address in the District, and the acts or omissions related to Plaintiff's cause of action arose in the District.

3.      This Court has original jurisdiction over the matter pursuant to 28 U.S.C. §1331 as the matter in controversy is brought pursuant to Title VII and the ADEA.

4.      Plaintiff filed complaints against Defendant in 2017 with the Equal Employment

Opportunity Commission (Hereinafter "EEOC").

5.      Plaintiff's EEOC Charges of Discrimination alleged violations of Title VII and the ADEA based on retaliation on the basis of age discrimination and retaliation.

6.      Plaintiff's cases were dismissed by the EEOC on April 17 and May 22, 2019, and Plaintiff's Notices of Right to Sue are attached herein. See Exhibits attached.

7.      A Plaintiff in a Title VII and ADEA case cannot file a lawsuit without a Notice of Right to Sue, and a Plaintiff must file their case within ninety (90) days of receiving the Notice.

8.      All conditions precedent to the filing of suit have been performed or have occurred, as Plaintiff's Complaint is being filed within that 90-day statutory period.

## PARTIES

9.      Plaintiff Carol Chandler (Hereinafter "Plaintiff") is a citizen of the United States and a resident of the state of Florida, in Pinellas County.

10.     Defendant Charter Communications; d/b/a Spectrum (Hereinafter "Defendant") is a corporation licensed to do business in the state of Florida, and Pinellas County in particular.

## GENERAL FACTUAL ALLEGATIONS

11.     Plaintiff was hired by Brighthouse Networks in June 1987, which was then summarily acquired by Defendant prior to the events of the Complaint.

12.     Plaintiff was hired by Defendant as a Sales Representative.

13.     Throughout Plaintiff's employment with Defendant, Plaintiff was subject to discrimination and retaliation based on her age (over 40).

14.     Plaintiff had a normal volume of sales calls for many years.

15.     Beginning in January 2017, Plaintiff's call volume dropped from 6 calls per day to 1-2 calls per day.

16.     Plaintiff reasonably believes that Defendant routed sales calls to younger employees in order to use said instance of low sales as a pretext for termination.

17.     Plaintiff further became aware in 2017 that Defendant had hired younger employees at similar levels as Plaintiff, at far higher hourly rates.

18.     Similarly situated younger employees were not treated in such a disparate and harassing manner.

19.     When Plaintiff brought these concerns to management, engaging in protected activity, management retaliated against Plaintiff by changing her job title, and placing Plaintiff under undue scrutiny.

20.     In response to the harassment and discrimination by Defendant, Plaintiff filed federally-protected EEOC Charges in 2017, alleging age and retaliation discrimination.

21.     Defendant made a cursory investigation into Plaintiff's allegations, and in response to the Charge, Plaintiff was treated in an even more disparate manner, and ultimately terminated under pretext.

22.     Plaintiff has retained the undersigned counsel, and has agreed to compensate counsel at a reasonable hourly rate.

## COUNT I: DISCRIMINATION ON THE BASIS OF AGE UNDER THE ADEA.

23.     Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 22 as if set forth herein in full.

24.     Defendants violated the ADEA by treating Plaintiff in a disparate manner based on her age (over 40).

25.     Plaintiff was treated differently than her younger co-workers and her younger co-workers were not subject to the same discrimination that Plaintiff faced.

26.     Defendant did not have sufficient justification for its action absent treatment based upon age.

27.     Defendant's conduct as alleged at length constitutes discrimination in violation of the ADEA.

### COUNT II: RETALIATION ON THE BASIS OF AGE UNDER TITLE VII.

28.     Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 22 as if set forth herein in full.

29.     After Plaintiff's protected EEOC Charge, Defendant's treatment of Plaintiff and her condition was continued and even enhanced, in retaliation for Plaintiff's protected Complaint and Charge.

30.     Employers under Title VII and the ADEA are prevented from taking adverse employment action against employees who engage in protected activity such as the filing of an EEOC Charge.

31.     Plaintiff was singled out and harassed by her superiors after her Charge was filed, despite Plaintiff's stellar work performance.

32.     Plaintiff did not have any write-ups or disciplinary issues that would have justified her termination, absent retaliation by Defendant.

33.     Defendant's conduct as alleged at length constitutes retaliation in violation of ADEA.

### COUNT III: RETALIATION UNDER TITLE VII.

34.     Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 22 as if set forth herein in full.

35.     After Plaintiff's EEOC Charge, Defendant's treatment of Plaintiff and her c was

continued and even enhanced, in retaliation for Plaintiff's protected Complaint and Charge.

36.     Employers under Title VII are prevented from taking adverse employment action against employees who engage in protected activity such as the filing of an EEOC Charge.

37.     Plaintiff was singled out and harassed by her superiors.

38.     Plaintiff did not have any write-ups or disciplinary issues that would have justified her termination, absent retaliation by Defendant.

39.     Defendant's conduct as alleged at length constitutes retaliation in violation of Title VII.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff requests that the Court enter judgment in her favor and award her the following relief:

a.     All wages and other economic benefits lost as a result of Defendants' wrongful acts;

b.     Compensatory damages to fully compensate Plaintiff for her injuries caused by the Defendants' discriminatory and retaliatory conduct;

c.     Pre- and post judgment interest; and,

d.     Such other relief this Court deems just and proper, together with Plaintiff's costs and disbursements in this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on July 16, 2019


s/ Trescot J. Gear_____
Trescot J. Gear, Esquire
Florida Bar No. 118216
Dolman Law Group
800 N. Belcher Road
Clearwater, FL 33765
Tel.:    (904) 654-6221
Fax.:    (813) 337-0243
Primary email: Trescot@gearlawllc.com
Attorneys for Plaintiff


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the Complaint is to be served on the Defendant


DOLMAN LAW GROUP

s/ Trescot J. Gear_____
Trescot J. Gear, Esquire
Florida Bar No. 118216
Dolman Law Group
800 N. Belcher Road
Clearwater, FL 33765
Tel.:    (904) 654-6221
Fax.:    (813) 337-0243
Primary email: Trescot@gearlawllc.com
Attorneys for Plaintiff